**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

RONALD HOWARD BRODT, SR.          :
    Petitioner                                      :
v                                                          :          Civil Action No. CCB-07-459
HARFORD COUNTY SHERIFF        :
    Defendant                                    :
                              o0o

**MEMORANDUM**

      The above-captioned petition for writ of habeas corpus, filed February 15, 2007, concerns petitioner's criminal conviction in Harford County, Maryland. Paper No. 1. For the reasons that follow, the petition shall be dismissed without prejudice.

      Petitioner claims he was tried and convicted of false charges of animal abuse without the benefit of a jury. He alleges that he filed a petition for writ of habeas corpus in the Harford County District and Circuit Courts, the Maryland Court of Special Appeals, and the Maryland Court of Appeals. *Id.* He states that because those courts have failed to schedule a hearing to consider the merits of the claims he raises, his petition has been effectively denied and this court now has jurisdiction to consider his claims.[1]  *Id.*

      When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

      To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one

---

[1] A search of Harford County district court records reveals that petitioner was sentenced to serve 80 days for animal abuse on December 18, 2006. *See* http://casesearch.courts.state.md.us/inquirySearch at *State v. Brodt*, Case No. 2R00051277.

is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., §12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *Williams*, *supra*.

The exhaustion requirements are not satisfied when, as here, a state petition for writ of habeas corpus is filed and, according to the petitioner, "effectively" denied because a hearing has not been scheduled in "two weeks" or even a month.  Accordingly, by separate order which follows, the petition for writ of habeas corpus shall be dismissed without prejudice.

| | |
|---|---|
| February 28, 2007 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |